IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES H. CARR, JR.,

    Petitioner,                No. 2:05-cv-1870 MCE JFM (HC)

  vs.

JEANNE WOODFORD, BOB HOREL,
Acting Warden,

    Respondent.
                              /

CHARLES H. CARR,

    Petitioner,                No. 2:05-cv-1871 MCE JFM (HC)

  vs.

BOB HOREL, Acting Warden,

    Respondent.
                              /

CHARLES H. CARR,

    Petitioner,                No. 2:04-cv-0584 MCE JFM (HC)

  vs.

D.K. SISTO,

    Respondent.
                              /

1

ORDER

On March 19, 2009, respondents filed an "Application for a Stay of the Court's March 18, 2009 Order Granting the Petition for Writ of Habeas Corpus; Expedited Ruling Requested by March 26, 2009." Id. Respondents request a stay of the court's order requiring respondents "to forthwith set a parole release date for petitioner," to prevent the release of a convicted murderer. Respondents argue that none of the three parole decisions challenged by petitioner violated his federal constitutional rights and contends the court exceeded its authority under 28 U.S.C. § 2254.

Respondents seek the stay pending appeal to the Court of Appeals for the Ninth Circuit under Fed. R. Civ. P. 62(c). Rule 62(c) provides that when an appeal is taken from a final judgment granting an injunction, the court has discretion to suspend the injunction during the pendency of an appeal upon such terms that will secure the rights of the adverse party." (Appl. at 2 (citing Rule 62(c)). "[T]he factors regulating the issuance of a stay are . . . : (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

Respondents contend that a stay pending appeal should be granted because (1) respondents have a high likelihood of success on the merits of the appeal (Appl. at 3-4); (2) there is no clearly established federal law requiring that a decision to deny parole must be supported by some evidence (Appl. at 4-5); (3) even when the some-evidence test applies, the court is precluded from re-weighing the evidence; (4) the parole board and the state's parole system will be irreparably injured if a parole date is set for petitioner, because "an order directing the Board to set a release date for [petitioner] . . . usurps the legislative mandate with which the Board is

/////

/////

charged" (Appl. at 8); (5) the issuance of a stay would not substantially injure petitioner (id. at 9); and (6) a stay is necessary to protect the public interest, since "[t]he state has established a parole process that should be respected." (Id. at 9.)

Petitioner opposes the stay, pointing out that when the Board found petitioner suitable for parole on May 22, 2003, it set his parole term at 148 months. Thus, petitioner has been incarcerated for some 35 years, long past the 12.33 year period set by the Board. (Opp'n at 3.) Petitioner argues that Respondents cannot demonstrate a high likelihood of success on the merits because "binding Ninth Circuit precedent provides that [petitioner] has a liberty interest in parole that is protected by the due process clause." (Opp'n at 4-5.) In addition, three United States Supreme Court cases, taken together, provide clearly established federal law concerning petitioner's due process rights in the context of each of his parole suitability hearings. (Opp'n at 5, citing Greenholtz v. Inmates of Nebraska, 442 U.S. 1 (1969), Board of Pardons v. Allen, 482 U.S. 369 (1987), and Superintendent v. Hill, 472 U.S. 445, 457 (1985).) Moreover, Petititoner argues that binding Ninth Circuit precedent has held that under Greenholtz and Allen, the California parole scheme creates a liberty interest that is protected by the due process clause of the Fourteenth Amendment; under Hill, decisions to deny parole must be based on some evidence. See Irons v. Carey, 505 F.3d 846, 850-51 (9th Cir. 2007); Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1128-29 (9th Cir. 2006); Biggs v. Terhune, 334 F.3d 910, 915 (9th Cir. 2003); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002).

Petitioner argues that the district court did not re-weigh the evidence, but

> gave the state courts' decision even more deference . . . because [the court] not only examined the one reason[] the superior court articulated for upholding the parole denials, it also went back over each of the reasons offered by the Board or governor for reversing the parole grant to see [if] any of those provided the minimal evidence required to support a denial of parole.

(Opp'n at 5-6.)

/////

1    Petitioner contends respondents failed to show the state would suffer irreparable
2 harm. (Opp'n at 7.) Petitioner argues that respondents' claim that petitioner will not be
3 irreparably harmed if relief is stayed is "ludicrous." (Opp'n at 8.) "A prisoner suffers irreparable
4 injury each day that he or she is detained in violation of his/her constitutional rights." (Opp'n at
5 8, citing <u>Ward v. Wolfenbarger</u>, 340 F.Supp.2d 773, 778 (E.D. Mich. 2004)(allowing release of
6 habeas petitioner pending appeal). Petitioner notes that had the Governor and the Board not
7 unconstitutionally denied petitioner parole years ago, he would have been released years ago.
8 (Opp'n at 8.) "Continued confinement that has been ruled unlawful is clearly a substantial injury
9 to [petitioner]." (Opp'n at 8, citing cf. <u>Glover v. United States</u>, 531 U.S. 198, 203 (2001)("any
10 amount" of actual additional jail time has constitutional significance.)
11    Finally, petitioner contends that the public has no interest in protecting
12 unconstitutional actions by the Board and Governor.
13    In their reply, respondents contend that the Ninth Circuit cases cited by petitioner
14 are "dubious given the pendency of <u>Hayward</u> since those cases provided the foundation for the
15 challenged panel decision in <u>Hayward [v. Marshall</u>, 512 F.3d 536, rehrg en banc granted, 527
16 F.3d 797 (9th Cir. 2008)]." (Reply at 3.) The his court is aware of at least one case in which the
17 Ninth Circuit recently relied on <u>Irons v. Carey</u>, 505 F.3d 846, 851-52 (9th Cir. 2007), in which to
18 deny an appellant's motion to stay release in a denial of parole case pending appeal. <u>Adams v.
19 Schwartz</u>, No. 08-17315 (9th Cir. October 29, 2008)
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

4

1    In light of all the factors set forth hereinabove, including the anticipated en banc
2 ruling from the Ninth Circuit in the <u>Hayward</u> case, Respondents' request for a stay pending
3 appeal is GRANTED for a period of sixty (60) days from the date this Order is filed
4 electronically.

IT IS SO ORDERED.

Dated: March 31, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE